IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AMERIHOME MORTGAGE COMPANY, LLC,<br>    Plaintiff, | § § § § § | |
| VS. | § § § | CIVIL ACTION NO.<br><br>**4:25-cv-00037** |
| TERRELL HARLIN, UNITED STATES OF AMERICA, ON BEHALF OF THE SECRETARY OF HOUSING AND URBAN DEVELOPMENT, AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") AS NOMINEE FOR LOANDEPOT.COM, LLC, ITS SUCCESSORS AND ASSIGNS,<br>    Defendants. | § § § § § § § § § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

AmeriHome Mortgage Company, LLC ("AmeriHome") complains of Defendants, Terrell Harlin, United States of America, on behalf of the Secretary of Housing and Urban Development, and Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for LoanDepot.com, LLC, its successors and assigns, stating as follows:

**I.    PARTIES & JURISDICTION**

1.    AmeriHome is a limited liability company. AmeriHome's main office and principal place of business are in the City of Thousand Oaks, County of Ventura, and State of California. Thus, for diversity purposes, AmeriHome is considered a citizen of California.

2.    Defendant Terrell Harlin, on information and belief, is a resident of Harris County, Texas, which is in the Southern District of Texas, Houston Division, and on information and belief, resides at 20903 Mount Bauer Drive, Hockley, Texas 77447, and may be served at that address.

3. Defendant, United States of America, on behalf of the Secretary of Housing and Urban Development ("HUD"), does business in Texas and may be served at its Houston field office located at 1331 Lamar Street, Suite 550, Houston, TX 77010. HUD can also be served with process at 451 Seventh Street, SW, Washington, DC 20410.

4. This Complaint against HUD is required pursuant 28 U.S.C. §2410. Defendant HUD is named herein as a defendant because it claims an interest in the real property that is at issue herein under the terms of that certain Partial Claim Deed of Trust filed in the Harris County Real Property Records on June 29, 2023, as Instrument Number: RP-2023-242008, a copy of which is attached hereto and incorporated by reference herein as **Plaintiff's Ex. No. 6.** Plaintiff is not seeking monetary relief from this Defendant.

5. Defendant, MERS, as nominee for LoanDepot.com, LLC, its successors and assigns., does business in Texas and may be served via its registered agent: Robert Edwin Jacobsen, 2304 Sky Harbor Drive, Plano, TX 75025 USA.

6. Defendant, MERS, as nominee for LoanDepot.com, LLC, its successors and assigns, claims an interest in the real property that is at issue herein under the terms of that certain deed of trust filed in the Harris County Real Property Records on March 12, 2018, as Instrument Number: RP-2018-102835, a copy of which is attached hereto and incorporated by reference herein as **Plaintiff's Ex. No. 7.** Plaintiff is not seeking monetary relief from this Defendant.

7. By this suit, AmeriHome seeks foreclosure of that certain real property located in Harris County, Texas. The 2023 Harris County Central Tax Assessor-Collector's appraised value of the said real property is $264,837.00.

8. The amount in controversy exceeds $75,000.00, exclusive of interest, costs and attorneys' fees. AmeriHome, the Plaintiff herein is not a citizen of Texas. Defendants, and each of

them are citizens of Texas or alternatively are not citizens of California, such that complete diversity exists among Plaintiff and all Defendants. Thus, jurisdiction is founded upon 28 U.S.C. § 1332.

9. Jurisdiction also lies with this Court since the United States Government, through the Secretary of Housing and Urban Development, is a Defendant in this matter.

10. Venue is proper in the Southern District of Texas, Houston Division under 28 U.S.C. § 1391(b) and 28 U.S.C. § 124(d)(3) because that is the district and division in which at least one Defendant resides, and because that is the district and division in which the real property that is the subject of this action is situated.

## II.  BREACH OF CONTRACT

11. On February 28, 2018, Defendant Terrell Harlin made, executed and delivered to LoanDepot.com, LLC a certain Promissory Note ("Note"), in writing, whereby Defendant Terrell Harlin, in exchange for an extension of credit and/or funds advanced, promised to pay LoanDepot.com, LLC or order, $196,278.00, plus interest. A true and correct copy of the Note is attached hereto and incorporated by reference herein as **Plaintiff's Ex. No. 1**.

12. On February 28, 2018, Defendant Terrell Harlin executed a certain Deed of Trust ("Security Instrument"), to secure the Note with certain real property, to wit:

> LOT 5 IN BLOCK 6 OF BAUER LANDING, SECTION FOUR (4), A SUBDIVISION IN HARRIS COUNTY, TEXAS ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN FILM CODE NO 678942 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS.

Said real property having a reported mailing address of 20903 Mount Bauer Drive, Hockley, Texas 77447 ("Property"). By executing the Security Instrument, Terrell Harlin granted a lien on and recourse to the Property for a breach thereunder. A true and correct copy of the Security Instrument is attached hereto and incorporated by reference herein as **Plaintiff's Ex. No.**

2. AmeriHome is the record assignee of the Security Instrument pursuant to that certain corporate assignment of deed of trust, a true and copy of which is attached hereto and incorporated by reference herein as **Plaintiff's Ex. No. 3**.

13. The obligation evidenced by the Note and Security Instrument is also hereinafter referred to as the "Loan."

14. The Loan has been modified by virtue of a loan modification agreement. A true and correct copy of the loan modification agreement is attached hereto and incorporated by reference herein as **Plaintiff's Ex. No. 4**.

15. Terrell Harlin, to AmeriHome's detriment, has failed and refused to pay amounts that have come due under the Loan, although repeated demands for payment have been made. AmeriHome caused to be provided to Terrell Harlin proper notices of the default described herein and its intent to accelerate the indebtedness ("Notices of Default"), true and correct copies of which are attached hereto and incorporated by reference herein as **Plaintiff's Ex. No. 5**. Each occurrence of non-performance by Terrell Harlin under the Loan as herein described is a breach thereunder.

16. Terrell Harlin's continued breach under the Loan has directly and proximately caused damages to AmeriHome in that amounts due to AmeriHome remain unpaid, and in that AmeriHome is incurring fees and expenses to enforce its rights under the Loan and to protect its security interest in the Property.

17. Terrell Harlin has not cured the default described in the Notices of Default. Consequently, AmeriHome has, and/or does hereby exercise its right under the Security Instrument to require immediate payment in full of all sums secured thereunder. AmeriHome's records reflect that the unpaid principal balance due and payable under the Loan and secured under the Security Instrument, exclusive of interest, late fees, costs, advances, attorneys' fees, and attorneys' costs, is

$225,394.80.

18. For consideration, Terrell Harlin promised to repay the Loan in installments. Terrell Harlin breached such promise to the detriment of AmeriHome. Thus, and in accordance with Texas Rule of Civil Procedure 735, AmeriHome is entitled to a judgment quantifying the amount chargeable to the Property in respect of the Loan (including, principal, pre-judgment interest, reasonable attorneys' fees and expenses, advances, costs, and post-judgment interest), and judicial foreclosure upon the lien against the Property securing such amount.

### III.   CONDITIONS PRECEDENT

19. By virtue of filing this Complaint, AmeriHome hereby accelerates all sums due under the Loan and demands payment in full of the said amount.

20. All conditions precedent to the relief requested herein by AmeriHome have been performed or have occurred.

### IV.   ATTORNEYS' FEES

21. The Loan provides that in the event of foreclosure, and insofar as allowed by Texas Rule of Civil Procedure 735, AmeriHome may be awarded all expense incurred in pursuing remedies provided for thereunder, including reasonable attorneys' fees and costs, expenses, or advances made necessary or advisable or sustained by AmeriHome because of the default or in order to protect its security interest. AmeriHome has retained Marinosci Law Group, P.C., and agreed to pay it reasonable attorneys' fees and costs incurred relative to this proceeding and to protect AmeriHome's security interest in the Loan.

## **P**RAYER

WHEREFORE, AmeriHome Loan Servicing, LLC prays that after service of process is completed as to all Defendants, then the Court quantify the amount chargeable to the Property in respect of the Loan (including, principal, pre-judgment interest, reasonable attorney's fees and expenses, advances, costs, and post-judgment interest) and grant foreclosure upon the lien securing such amount as remedy to AmeriHome for Terrell Harlin's breach of contract as herein alleged, deem all junior lienholders' interest in the Property inferior to the superior interest of AmeriHome, and for all other relief Court deems appropriate.

DATE: <u>January 5, 2025.</u>

Respectfully submitted,
MARINOSCI LAW GROUP, P.C.

*/s/ Sammy Hooda*
Sammy Hooda / State Bar No. 24064032
16415 Addison Road, Suite 725
Addison, Texas 75001
Phone: 401.234.9200 x 3002
Fax: 972.331.5240
Email: shooda@mlg-defaultlaw.com
**ATTORNEYS FOR PLAINTIFF**
**AMERIHOME LOAN SERVICING, LLC**